IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WALTER BARTON )<br>       Petitioner )<br>)<br>v. )<br>)<br>)<br>WILLIAM STANGE, et al )<br>       Respondents ) | Case # 6:20-CV-3130 |

## *MOTION FOR STAY OF EXECUTION*

Comes now Walter Barton, by attorney Frederick A. Duchardt, Jr., and pursuant to 28 U.S.C. 2251(a)(1) does pray that this Honorable Court enter a stay of execution of the sentence of death against Mr. Barton scheduled by the Missouri Supreme Court to occur in connection with case number SC87859. The grounds for this request will be set forth in the subsequent numbered subparagraphs.

1. Missouri Supreme Court Case Number 87859, the Missouri Supreme Court addressed upon direct appeal Mr. Barton's fifth trial conviction and sentence of death, and that matter gave rise to a penultimate controversy in that Court, with four Judges voting to affirm the judgment and sentence, and three Judges convinced that the judgment of conviction should be reversed, and that the "sorry record" of the case did not warrant imposition of a sentence of death. ***State v. Barton***, 240 S.W.3d 693, 711, 718-719 (Mo.banc 2007).

1

2. On November 19, 2019, the day after Federal habeas corpus proceedings challenging the conviction and sentence ended, the State of Missouri filed a request that an execution date be set (Doc. 1, Appendix N). On January 31, 2020, Mr. Barton filed objections to the setting of an execution date (Doc. 1, Appendix O). At the same time, Mr. Barton filed a Petition for writ of habeas corpus, pursuant to V.A.M.R. 91.01, in Case Number SC98343, raising issues about Mr. Barton's actual innocence and incompetence for execution (Doc. 1, Appendix D).

3. On February 18, 2020, in case number SC87859, the Missouri Supreme Court issued a warrant for Mr. Barton's execution, and set May 19, 2020 as the date for Mr. Barton's execution (Doc. 1, Appendix P). Thereafter, Mr. Barton requested from the Missouri Supreme Court a stay of execution in light of the COVID-19 pandemic, and the impact that was having on investigation for his pending Rule 91.01 matter and his request for executive clemency, as well as the impact that COVID-19-related restrictions would have on proper conduct of the scheduled execution (Doc. 1, Appendix Q).

4. A week ago, on April 27, 2020, the Missouri Supreme Court overruled Mr. Barton's motion for stay of execution (Doc. 1, Appendix R). On that same date, the Missouri Supreme Court issued its judgment overruling Mr. Barton's petition for writ of habeas corpus (Doc. 1, Appendix A).

5. In the above captioned cause, Mr. Barton has filed his petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging that the Missouri Supreme Court rulings in case number SC98343 are contrary to or involve unreasonable applications of precedent from the United States Supreme Court and rely upon unreasonable determinations of facts in light of the record from the Missouri Courts (Doc. 1). Mr. Barton has also requested hearing upon his 2254 petition (Doc. 1).

6. Per the dictates of 28 U.S.C. 2251(a)(1), because the above captioned cause is pending, this Court is empowered to issue a stay of the execution scheduled for May 19, 2020 in Missouri Supreme Court case number SC87859. ***McFarland v. Scott***, 512 U.S. 849, 858 (1994).

7. Such a stay should be granted when a 2254 petition has been brought in a timely fashion and when the amount of time between the filing of the petition and the scheduled execution does not allow for the merits of the petition to be satisfactorily considered. ***McFarland v. Scott***, supra; ***Dobbert v. Strickland***, 670 F.2d 938, 940 (11th Cir. 1982). The two week time frame between the filing of Mr. Barton's petition in this case and the scheduled execution date on the May 19, 2020 is obviously not enough time for the satisfactory consideration of the petition. Plus, the short time frame is in no way attributable to Mr. Barton since his state court petition was filed prior to the setting of the execution date, the Missouri

Supreme Court required two-and-a-half months after the execution date setting to rule upon the state court habeas petition, and Mr. Barton filed his petition with this Court less than a week after the Missouri Supreme Court ruling.

7. Moreover, there are additional grounds for this Court exercising its power to grant a stay in this case. Over the last two months, and through the time of the filing of this motion, due to the COVID-19 pandemic, a state of emergency has been in effect as declared by the President of the United States, by the Governor of the State of Missouri, and by the Governors of most of the fifty states. By order of the Governor of the State of Missouri, residents of the State of Missouri have been directed to stay at home, all but essential businesses have been shut down, and even essential businesses, including government operations, have been required to maintain six feet separation between persons, and reduce total occupancy of areas of the businesses to 10% of their authorized occupancy (Doc. 1, Appendix S). Last week, the Governor somewhat modified his order so that, beginning May 4, 2020, stay at home requirement for residents are somewhat eased, but the other restrictions remain in place (Doc. 1, Appendix T).

8. Throughout the time since the state sought the setting of an execution date, undersigned counsel has been fully engaged in preparations for a proper presentation of habeas petition issues to the Missouri Supreme Court and to this Court, as well as for proper presentation of an executive clemency request to the

4

Governor. However, those preparation efforts have been stopped in critical ways by travel and meeting restrictions which have been imposed.

9. Prior to the COVID-19-neccessitated shelter-at-home orders entered by the Governor, contact information was obtained for the trial jurors in Mr. Barton's case. And, a meeting was conducted with one of the jurors, at which the juror was provided the new evidence of actual innocence brought forth to the Missouri Supreme Court, and an interview of the juror was conducted. That one Juror found the new evidence referred to in Count Two of the Petition "compelling" and opined that the new evidence would have impacted upon jury deliberations (Doc. 1, Appendix K). Such evidence critically supports the argument being made in Count Two that the new evidence is of kind and moment to warrant grant of relief.

10. It has been, and still is, the intention of Mr. Barton's defense team to conduct similar meetings with all jurors in the case, and report those results. However, that work was slowed to a crawl due to the COVID-19-required restrictions. Even though restrictions have so slowed things, it was accomplished that the affidavits of two more jurors were obtained, with both of those jurors agreeing that the new evidence is "compelling" and would have impacted upon jury deliberations (Doc. 1, Appendix U, Appendix V). This work continues, but is not likely to be completed until well after the May 19, 2020 execution date currently set.

11. For the reasons set forth in subparagraphs 9 and 10 above, this Court should grant a stay to allow for completion of this critical investigation.

12. In addition, the planned execution itself would amount to an assembly in violation of the restrictions put in place due to the COVID-19 emergency, and should be stayed for that reason as well (Appendix T).

13. Moreover, because of this crisis, the Governor's agenda is obviously over-full.  Thus, it would be fundamentally unfair to have the weighty issue of possible clemency for Mr. Barton come to the Governor at this time  Thus, a stay is warranted for that reason too.

WHEREFORE, Mr. Barton prays that this Honorable Court make and enter its order staying the execution of Mr. Barton.

    Respectfully submitted

    /s/Frederick A. Duchardt, Jr.
    FREDERICK A. DUCHARDT, JR.
    Mo.Bar Enrollment Number 28868
    P.O. Box 216
    Trimble MO 64492
    Phone:  816-213-0782
    Fax:    816-635-5155
    ATTORNEY FOR MR. BARTON

6

Case 4:20-cv-08001-BCW   Document 3   Filed 05/04/20   Page 6 of 7

## *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the foregoing was e-mailed to the following this 4th day of May, 2020

Michael Spillane
Assistant Attorney General
P.O. Box 899
Jefferson City, Mo. 65102
mike.spillane@ago.mo.gov

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.