# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WALTER BARTON, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-08001-BCW |
| ) | |
| WARDEN WILLIAM STANGE, ) | |
| ) | |
| Respondent. ) | |

## ORDER GRANTING STAY OF EXECUTION

After the development of a substantial record, Petitioner Walter Barton seeks habeas corpus relief under 28 U.S.C. § 2254 (Doc. #1) and has also filed a Motion for Stay of Execution (Doc. #3). The Court, being duly advised of the premises, grants Petitioner's motion for stay of execution pursuant to 28 U.S.C. § 2251(a)(1).

## BACKGROUND

In March 2006, after a tumultuous and lengthy trial process involving two venue changes, two mistrials, and a trial conviction affirmed by the Missouri Supreme Court and subsequently vacated by the trial court on post conviction review, this case went to trial for a fifth time and resulted in Petitioner's conviction by a jury for first-degree murder and a death sentence.

On January 15, 2008, the Missouri Supreme Court affirmed Petitioner's conviction and sentence on direct appeal by a slim 4-3 margin. State v. Barton, 240 S.W.3d 693, 711 (Mo. 2008). The United States Supreme Court denied Barton's petition for writ of certiorari in October 2008, thus completing the direct appeal process. Barton v. Missouri, 555 U.S. 842 (2008).

Barton subsequently filed another PCR motion under Missouri Rule of Criminal Procedure 29.15. The PCR court denied relief in February 2013, and the Missouri Supreme Court

1

unanimously affirmed this decision and issued its mandate on June 24, 2014. (Doc. #1-13) (citing Barton v. State, 432 S.W.3d 741, 764 (Mo. 2014)).

On June 9, 2015, Barton filed a petition for habeas corpus relief in this Court. Walter Barton v. Cindy Griffith, 4:14-CV-08001-GAF, Doc. #1. The same day, counsel for Barton filed an additional state court challenge in Cass County, Missouri, asserting that Barton's previous attorneys had abandoned him during a portion of the previous PCR proceeding. The United States District Court stayed consideration of Barton's § 2254 petition until the abandonment issue was resolved. The Circuit Court of Cass County denied Barton's abandonment claim, the Missouri Supreme Court affirmed this denial on May 24, 2016. The District Court thus lifted the stay of the § 2254 proceedings, and Barton filed an amended petition on May 24, 2016, adding three additional claims.

The district court denied § 2254 relief on each of the grounds raised. Walter Barton v. Cindy Griffith, 4:14-CV-08001-GAF, Doc. #59. The district court also declined to issue a certificate of appealability.

On December 21, 2018, the Court of Appeals for the Eighth Circuit declined to issue a certificate of appealability with respect to the order denying § 2254 relief and dismissed Barton's appeal. Walter Barton v. Cindy Griffith, 4:14-CV-08001-GAF, Doc. #70). The Eighth Circuit issued its mandate on March 29, 2019. Barton's subsequent petition for writ of certiorari to the U.S. Supreme Court was denied on November 18, 2019.

On November 19, 2019, the State filed a request with the Missouri Supreme Court that an execution date for Petitioner be set, which the Missouri Supreme Court ultimately granted on February 18, 2020, setting the execution date for May 19, 2020.

Subsequent to the State's request for an execution date, Petitioner filed a petition for writ of habeas corpus relief pursuant to Mo. Rev. Stat. § 532.430(3) and (4), Missouri Supreme Court Rule 91.010, and Article I, §§ 10 and 21 of the Missouri Constitution. (Doc. #1-5). The habeas petition before the Missouri Supreme Court asserted the following grounds for relief: (1) Petitioner's actual innocence, relying on the conclusions of a blood spatter expert and the prior convictions of a State witness as clear and convincing evidence undermining confidence in the correctness of the judgment and sentence; and (2) Petitioner's lack of mental competence for execution. (Doc. #1-5).

On April 27, 2020, the Missouri Supreme Court denied Petitioner's February 3, 2020 petition for habeas corpus relief. (Doc. #1-2). The Missouri Supreme Court also denied Petitioner's motion to stay execution.

One week after the Missouri Supreme Court's decision denying Petitioner's habeas request, on May 4, 2020, Petitioner filed the instant petition for habeas corpus relief in this Court. (Doc. #1). Also on May 4, 2020, Petitioner filed a motion for leave to proceed in forma pauperis and for appointment of counsel "pursuant to 28 U.S.C. § 2254 and 18 U.S.C. § 3599(a)(2)." In addition, Petitioner filed a motion for stay of execution on May 4, 2020. (Doc. #3).

On May 5, 2020, the Court granted Petitioner's motion for leave to proceed in forma pauperis, and for appointment of counsel. (Doc. #4). On the same day, the Court issued a show cause order directing the State to answer or otherwise respond to the habeas petition in this Court (Doc. #1) on or before May 12, 2020. The State filed its opposition suggestions for both the habeas petition and the motion for stay of execution on May 6, 2020. Petitioner filed the traverse and reply to the motion for stay on May 11, 2020. (Docs. #10, #11). Thus, Petitioners habeas petition and motion for stay of execution are fully briefed as of Monday, May 11, 2020.

The petition for habeas relief seeks this Court's review of the Missouri Supreme Courts denial decision pursuant to 28 U.S.C. § 2254(d)(1) and (2). As referenced above, the issues presented to and rejected by the Missouri Supreme Court are these: (1) Petitioner's asserted incompetency for execution; and (2) Petitioner's asserted actual innocence based on (a) the testimony of a blood spatter expert who says he would have contradicted the testimony of the State's blood spatter expert had counsel for Petitioner called him to testify at trial and (b) the discovery of additional prior convictions for the State's witness, jailhouse informant Katherine Allen, who testified at trial that Petitioner had threatened to kill her "like he did that old lady." (Doc. #1-2 at 4).

This Court must determine whether the rulings of the Missouri Supreme Court on these issues are contrary to or involve unreasonable application of United States Supreme Court precedent or are the result of an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-2).

**ANALYSIS**

The motion for stay of execution argues the Court "is empowered to issue a stay of the execution scheduled for May 19, 2020," based on 28 U.S.C. § 2251(a)(1). Petitioner argues this statute applies where a § 2254 petition is pending and has been brought in a timely fashion, and the scheduled execution does not provide adequate time for the Court to consider the merits of the petition for habeas relief. (Doc. #3 at 3). Petitioner also seeks stay for non-statutory reasons attributable to COVID-19.

Respondent counters Petitioner is not entitled to a stay of execution because the habeas petition contains two claims which both fail as a matter of law. Respondent argues in order to demonstrate the need for a stay, Petitioner must demonstrate all the requirements for injunctive

4

relief, including a probability of success on the merits. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1980) (setting forth factors for injunctive relief as threat of irreparable harm, the balance of the harms, probability of success on the merits, and the public interest).

"Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act. McFarland v. Scott, 512 U.S. 849, 857 (1994). "The federal habeas corpus statute grants any federal judge 'before whom a habeas corpus proceeding is pending' power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'" Id. (quoting 28 U.S.C. § 2251).

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a)(1).

Section 2251 "[b]y no means grants capital defendants a right to an automatic stay of execution. Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." McFarland, 512 U.S. at 858.

"[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." Hill v. McDonough, 126 S. Ct. 2096, 2104 (2006) (citing Nelson v. Campbell, 541 U.S. 637 (2004)). "At the same time, criminal defendants are entitled by federal law to challenge their conviction and sentence in habeas corpus proceedings." McFarland, 512 U.S. at 859.

Respondent relies on Hill to argue Petitioner "carries the burden of persuasion" and has not and cannot "satisfy all the requirements for a stay, including a showing of significant possibility

of success on the merits." Hill, 126 S. Ct. at 2104. In the context of a 42 U.S.C. § 1983 challenge to the State's execution procedure, the Supreme Court stated, "[l]ike other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." Id. at 2104 (citing Barefoot v. Estelle, 463 U.S. 880, 895-96 (1983); Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).

In this case, briefing on the petition for habeas corpus relief and motion for stay of execution was complete on Monday, May 11, 2020. The petition for habeas corpus relief, filed in this Court on May 4, 2020, within a week after the Missouri Supreme Court's ruling on April 27, 2020, requires this Court to determine whether the rulings of the Missouri Supreme Court on these issues are contrary to or involve unreasonable application of United States Supreme Court precedent or are the result of an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-2).

This evaluation underpins whether Petitioner has demonstrated the need for a stay in equity under § 2251(a)(1) because the habeas corpus petition is pending in this Court, and in order to determine whether Petitioner has demonstrated that a stay of execution is warranted, the Court must assess whether, among other factors, Petitioner is likely to succeed on the merits of the habeas petition.

For these reasons, the Court requires more time to consider the merits of the claims beyond the 15 days available in this case between the filing of the habeas petition on May 4, 2020, and the scheduled execution on May 19, 2020. Lonchar v. Thomas, 517 U.S. 314, 320 (1996) ("[i]f if the district court cannot dismiss the petition on its merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot. That is, if the

district court lacks authority to directly dispose of the petition on the merits, it would abuse its discretion by attempting to achieve the same result indirectly by denying the stay."); Dobbert v. Strickland, 670 F.2d 938 (11th Cir. 1982) ("Where the merits cannot be satisfactorily considered prior to execution of a scheduled death sentence . . . a stay should be granted.").

Section 2251(a)(1) states a federal court with a pending habeas petition may stay state proceedings. The parties did not identify, and the Court in its research did not locate, any Eighth Circuit interpretation of the specific limits of this section. The record suggests Petitioner acted quickly to file a potentially meritorious petition for writ before this Court after the Missouri Supreme Court issued its ruling, so no filing delay militates against a stay. Notably, the same constitutional claims before this Court were pending consideration before the Missouri Supreme Court from early February 2020 until April 27, 2020. At a minimum, equity requires this Court's meaningful consideration the petition for habeas relief, which the Court anticipates would require no more than 30 days from today's date to complete. Thus, the Court grants Petitioner's Motion to Stay Execution pursuant to its authority under § 2251(a)(1) and denies the motion to stay on the other grounds raised. Accordingly, it is hereby

ORDERED Petitioners Motion for Stay of Execution (Doc. #3) is GRANTED under § 2551(a)(1).

IT IS SO ORDERED.


DATE: May 15, 2020

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

7

Case 4:20-cv-08001-BCW   Document 14   Filed 05/15/20   Page 7 of 7